AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

UNITED STATES OF AMERICA
v.
AARON LUCAS ROSKIN RUDOLF

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 23-cr-391 (TNM)

USM Number: 06924-511

Claire J. Rauscher
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s) *1 of the Information filed on 11/9/2023*

☐ pleaded nolo contendere to count(s) ____ which was accepted by the court.

☐ was found guilty on count(s) ____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Violate the Clean Air Act | 12/1/2017 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☐ Count(s) ____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/12/2024
Date of Imposition of Judgment

[signature]
Signature of Judge

Trevor N. McFadden, U.S. District Judge
Name and Title of Judge

4/15/24
Date

DEFENDANT: AARON LUCAS ROSKIN RUDOLF
CASE NUMBER: 23-cr-391 (TNM)

## PROBATION

You are hereby sentenced to probation for a term of:

THIRTY-SIX (36) MONTHS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
   ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: AARON LUCAS ROSKIN RUDOLF
CASE NUMBER: 23-cr-391 (TNM)

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________ Date ____________

DEFENDANT: AARON LUCAS ROSKIN RUDOLF
CASE NUMBER: 23-cr-391 (TNM)

# SPECIAL CONDITIONS OF SUPERVISION

Community Service – You must complete 60 hours of community service within 24 months. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

Financial Information Disclosure – You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the United States Attorney's Office.

Payment of Fine – You are ordered to pay a fine in the amount of $600,000.

Financial Payment Schedule – Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows: Payment in equal monthly installments of at least $200,000, to commence within 30 days after the date of this judgment.

The financial obligations are payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

The Probation Office shall release the presentence investigation report to all appropriate agencies, which includes the United States Probation Office in the approved district of residence, in order to execute the sentence of the Court.

The defendant shall follow the Special Conditions of Supervision as outlined in Attachment A. (See Attachment A.)

DEFENDANT: AARON LUCAS ROSKIN RUDOLF
CASE NUMBER: 23-cr-391 (TNM)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 600,000.00 | $ | $ |

☐ The determination of restitution is deferred until __________. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ __________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: AARON LUCAS ROSKIN RUDOLF
CASE NUMBER: 23-cr-391 (TNM)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than ____________, or
☑ in accordance with ☑ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☑ Payment in equal monthly *(e.g., weekly, monthly, quarterly)* installments of $ 200,000 ~~over a period of~~ ________ ~~*(e.g., months or years)*,~~ to commence 30 days *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**ATTACHMENT A**

**Special Conditions of Supervised Release/Probation**

Aaron Lucas Roskin Rudolf ("the defendant") agrees to the following special conditions of supervised release/probation:

Definitions: For purposes of these conditions, the following definitions shall apply:

A. *Vehicle* means any (1) "motor vehicle" as defined under the Clean Air Act, 42 U.S.C. § 7550(2), which includes any self-propelled truck, semi-truck, car, van, camper, bus, or any other vehicle used to transport persons or property on streets or highways; and (2) "nonroad vehicle" as defined under the Clean Air Act, 42 U.S.C. § 7550(11), which includes any engine-powered vehicle such as construction, agricultural, or recreational equipment that is not designed for use on streets or highways.

B. *Vehicle tampering* means any steps taken to remove, override, or render inoperable or less effective any component of any *vehicle's* emissions control system, including, but not limited to, the selective catalytic reduction (SCR), exhaust gas recirculation (EGR), periodic trap oxidizer (PTOX), diesel particulate filter (DPF), diesel oxidation catalyst (DOC), engine control module (ECM), or onboard diagnostic (OBD) system. Emissions control systems are installed by the Original Equipment Manufacturers (OEM) to comply with Certificates of Conformity issued by the U.S. EPA.

C. *Tampered vehicle* means any *vehicle* that has undergone *vehicle tampering* and is owned or operated by the defendant or any business or entity that he owns or operates, including, but not limited to, Rudy's Performance Parts, Inc.

D. *Restore* means to take all steps necessary to return a tampered *vehicle* that has undergone any *vehicle tampering* to the state it was in before *vehicle tampering*.

Terms:

1. The defendant agrees not to engage in, or conspire to, or cause others to engage in, *vehicle tampering*.

2. The defendant agrees to immediately cease operating any *tampered vehicle*. The defendant will not sell or otherwise transfer any *tampered vehicle* in a condition that allows the *vehicle* to be driven unless it is *restored*. Within six months of Court approval of the Plea Agreement, the defendant agrees to restore, scrap, or recycle any *tampered vehicle*. If any other *vehicle* is later identified as a *tampered vehicle*, the defendant agrees to immediately cease operating such *vehicle* and to restore, scrap or recycle it.

    a. For any *tampered vehicle* that is *restored*, the defendant shall obtain, from a licensed mechanic or a dealership authorized by the OEM, a certification that the *vehicle* has been *restored*, and present it as described in paragraph 4 below.

    b. For any *tampered vehicle* that is not *restored*, the "long block" may be removed and sold for scrap, parts, or recycling, provided the intake and exhaust manifolds are removed. The manifolds must be sold for scrap or otherwise disposed of. Any other emission control components that have been tampered with must be sold for scrap or otherwise disposed of. The remainder of the *tampered vehicle* can be sold for scrap, parts, or can be recycled or otherwise disposed of.

3. For any *tampered vehicle*, the defendant agrees not to work on, repair, or service (1) the OBD system or (2) any hardware relating to the emissions control system, including the SCR, EGR, PTOX, DPF, and DOC, except for the purpose of *restoring* the emissions control system on the *tampered vehicle* to its certified configuration, that is, restoring it to stock.

4. The defendant agrees to submit to the Office of Probation, the U.S. Attorney's Office, and the Environmental Crimes Section an annual certification of compliance with this special condition detailing the steps he has taken regarding any *tampered vehicles*. If any *tampered vehicles* have been *restored*, the defendant shall include copies of the restoration certifications described in paragraph 2.a. The first certification shall be submitted six months from the defendant's first day of probation or supervised release and shall be submitted annually on that date until the term of probation or supervised release is concluded.

5. These special conditions of supervised release/probation do not apply to *tampered vehicles* that are: (1) permanently converted for use solely in competitions sanctioned by recognized organizations (*e.g.*, the Sports Car Club of America or the National Hot Rod Association); (2) not registered for use on public roads; *and* (3) never again used on public roads (except for sanctioned, closed-course competition on public roads) even to travel to a sanctioned event.

6. For the exception set forth in Paragraph 5 to apply, the defendant must submit the following information to the Office of Probation, the U.S. Attorney's Office, and the Environmental Crimes Section, for each pertinent *tampered vehicle*: the date after which the *tampered vehicle* will be used for competition only (*i.e.,* the date after which it will never be used on public roads) and its location on that date; the make, year, and model of the *tampered vehicle*; the sanctioning body under which the *tampered vehicle* is expected to compete; and its vehicle identification number.[1] In addition, the defendant must maintain, subject to inspection on demand by the Office of Probation or any representative of the U.S. Attorney's Office or the Environmental Crimes Section, for each pertinent *tampered vehicle*, a record of every sanctioned competition in which the *tampered vehicle* is used. Those records must be indexed by vehicle identification number and must include: the name, date, and location of the sanctioned competition, the location of the *tampered vehicle* before and after the sanctioned competition; and a statement of how the *tampered vehicle* was transported to and from the sanctioned competition (together with copies of relevant paperwork, *e.g.*, bills of lading). If the defendant otherwise moves a *tampered vehicle* subject to this exception, the defendant must record that movement, as above, indexed by vehicle identification number. Paragraphs 5 and 6 exist solely to address compliance with this special condition of supervised release/ probation. Nothing in this special condition may be construed to address the legality of any *vehicle* conversion for competition since such conversions are subject to diverse restrictions and laws. Failure to identify *tampered vehicles* and maintain records for them under this paragraph violates this special condition of probation. The defendant acknowledges that such records are

[1] The defendant is not required to report information about competition events that predated the term of probation or supervised release.

material to this special condition and that knowing falsification of such records is a felony.

7. In accordance with the prior paragraph, below is a list of the current *tampered vehicles* (including make, year, model, and vehicle identification number), which the defendant certifies will only be used for sanctioned competition purposes:

   a. **Vehicle #1**
   4WD 2008 F-250 Ford Truck
   VIN: 1FTSF21R18EE00406
   This is a racing truck.
   Photos of Vehicle #1:





b. **Vehicle #2**
2008 F-250 Ford Truck
VIN: 1FTSW21R38EC33496
Not registered or driven since 2014.
This is a show/dyno truck.

c. **Vehicle #3**
2WD Ford Truck (tube chassis)
Constructed from scratch so there is no VIN.
This is a racing truck.
Photo of Vehicle #3:



d. **<u>Vehicle #4</u>**
2008 F-350 Ford 6.4 Powerstroke Sled Pull Truck
VIN: 1FTWX31R28EA33570
This is a racing truck.

8. If the defendant acquires any additional *tampered vehicles* for competition purposes during the term of probation or supervised release, he will notify the Office of Probation and maintain the information as required by Paragraph 6.